## NEW AMSTERDAM CASUALTY CO. v. WHITEHEAD MOTOR CO., Inc.

### No. 1648.

Court of Appeal of Louisiana. First Circuit.

Nov. 7, 1936.

Warren O. Watson, of Baton Rouge, for appellant.

Breazeale & Sachse, of Baton Rouge, for appellee.

DORE, Judge.

On June 8, 1933, plaintiff, through its local agent at Baton Rouge, wrote a policy of insurance in favor of the defendant corporation to protect it against claims of its employees arising under the Workmen's Compensation Law (Act No. 20 of 1914, as amended). The premium on the policy was based on the kind or class of work the different employees were doing, that is, the automobile salesmen took a rate of .619 cents per every $100 of the total remuneration received by these salesmen during the policy year; clerical employees took a rate of .079 cents per $100 of the total remuneration paid such employees; and for other employees, such as machinists, mechanics, etc., the rate was $2.16 per $100 for the total remuneration of this class of employees.

The policy and declarations attached thereto provide that the remuneration paid the president, if the employer is a corporation, shall not be included in the total remuneration paid the employees unless the said president is "actually performing such duties as are ordinarily undertaken by a superintendent, foreman or workman." At the same time the policy was issued, a rider was placed thereon which provided, among other things, the following: "If this Employer is a corporation, the entire remuneration of the President, any Vice President, Secretary or Treasurer shall be disclosed and made subject to a premium charge at the rate applicable to the hazard to which each such officer is exposed, which rate shall be applied to the actual remuneration of each such officer but not in excess of $100.00 per week. If any such officer is exposed to varying hazards, premium shall be charged on the basis of the highest rate for any hazard to which he is exposed."

Mr. A. J. Whitehead is the president of the defendant corporation, which corporation operates an automobile sales agency and automobile repair shop in connection

therewith. Mr. Whitehead, the president, received an injury to his finger while attempting to operate a planer machine in the repair shop and while he was trying to show a workman how to operate the machine. For this injury, he received a small amount of compensation from plaintiff under the policy which was then in force.

Plaintiff now sues the defendant for additional premium on the policy on the ground that Mr. Whitehead, as one of the employees covered in said policy, was exposed to a hazard which would place him in the same class and under the rate of a mechanic, that is, $2.16 per $100 paid for his salary, not exceeding, however, the total of $5,200, instead of a rate of .079 cents per $100 of his total salary based on executive or clerical duties.

. The evidence shows that Mr. Whitehead did not regularly or ordinarily perform the duties of a foreman, mechanic, or workman in the repair shop, but his duties were almost entirely those of an executive and general manager and were confined largely to the office. The time when he was injured in attempting to show a workman in the shop how to operate a planer machine was the only time that he had attempted to do any mechanical work around the repair shop. He was in no sense of the word a mechanic nor was he ordinarily exposed to the hazards of a mechanic. The agent who wrote the policy and who was familiar with the duties of Mr. Whitehead testified that, in writing this kind of insurance and in determining the classification under which to place an employee as a basis for the rate of premium, it was the practice to classify an employee on the basis of his usual employment.

■ The rider from which we have quoted above was written and attached to the policy by the insurance company with the full knowledge and meaning of the clauses in the body of the policy and in the declarations made part of it to the effect that the remuneration received by the president of a corporation as an insured employer should not be subjected to a premium charge unless such president actually performed such duties as are ordinarily undertaken by a superintendent, foreman, or workman. The rider must be read and interpreted together with all other provisions of the policy, a clause of which has already been quoted in the beginning of this opinion. Now we interpret this rider placed on the policy in the light of the above provisions in the body of the policy to mean that the remuneration of the president of the defendant corporation was to be included in the total remuneration of all employees (subject of course to the limit of $100 per week of the president's salary). This salary of the president was therein made subject to a rate charge applicable to the hazard to which he was ordinarily exposed in the discharge of his duties. The hazards to which he was ordinarily exposed in the discharge of his duties were those of an executive and pertained to work mostly in the office.

The last sentence of the paragraph in said rider which we have quoted to the effect that, if the president is exposed to varying hazards, premiums . shall be charged on the basis of the highest rate for any hazard to which such officer is exposed, must be intended to mean that the highest rate will apply on his salary when he performs various duties as a part of his ordinary and usual work, and, when a part of those ordinary and usual duties expose him more or less regularly to the hazards of that particular work.

■ For instance, if the president in this case ordinarily and usually performed the varying duties of an executive, a clerk, and a mechanic, his rate would be based on the highest hazard, that of a mechanic. However, the record shows that the president not only did not ordinarily perform the duties of a mechanic, but that the one time that he did attempt to do any work of a mechanical nature was when he was injured, and which was merely an isolated instance, and was not in any sense part of his ordinary and usual duties. To hold that one isolated and unusual attempt on the part of the president to do a piece of work of a mechanical and more hazardous nature would have the effect of placing him on the high rate charge of regular mechanics is not justified, in our opinion, either from the words used in the rider nor from the policy taken as a whole. We think that it would be a strained and unreasonable construction of this clause in the rider to hold that the president had subjected the corporation to the high rate carried by mechanics on his salary as an executive officer from the mere fact that, in only one instance and then not as part of his ordinary and usual duties, he had undertaken to do a piece of work which properly belongs to a mechanic. 32 Corpus Juris, 1151, verbo "Insurance."

However, we do not think it necessary in this case to invoke the rule that an insurance policy is to be construed liberally in favor of the insured nor the rule that, in case of ambiguity or uncertainty, a document is to be construed against the one who writes it. In our opinion, the conclusions we have reached are justified by a fair and clear interpretation of the policy and the rider attached.

The judgment of the lower court being correct, the same is ordered affirmed.