**200 So. 865**

**FARR v. PACIFIC MUT. LIFE INS. CO.**
**et al.**

**No. 35904.**

Feb. 3, 1941.

Rehearing Denied March 3, 1941.

Eugene J. McGivney and Solomon S. Goldman, both of New Orleans, for appellant Pacific Mut. Life Ins. Co.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for appellant Marie Watson Farr.

Sidney I. Foster, of Leesville, for appellee.

PONDER, Justice.

The plaintiff, Floyd E. Farr, seeks to recover from the Pacific Mutual Life Insurance Co. and Marie Watson Farr the proceeds of a certain life insurance policy.

The question involved in this case is whether the plaintiff or Marie Watson Farr is entitled to the proceeds of a life insurance policy. The Pacific Mutual Life Insurance Company issued a life insurance policy to Floyd E. Farr, Sr., deceased, on May 28, 1933, calling for the sum of $5,-000. Floyd E. Farr, Jr., the son of the insured, was named the beneficiary therein and in event of his death before that of the insured, Jennie Mason Farr, wife of the insured. There was attached to the policy at that time an educational insurance agreement bearing the same date of the policy. On July 23, 1936, the insured, having been divorced from his wife, Jennie Mason Farr, and having married Marie Watson, the codefendant herein, substituted the name of Marie Watson

in the place of that of his first wife as contingent beneficiary. On September 2, 1936, there was another educational insurance agreement attached to the policy containing substantially the same provisions as the previous one except that the name of Marie Watson Farr was substituted in the place of Jennie Mason Farr. On August 6, 1937, a written indorsement was made on the policy, on the written request of the insured, designating Marie Watson Farr, wife of the insured as beneficiary, or in the event of her death before the insured Floyd E. Farr, Jr., son of the insured. On that day another educational agreement was attached to and made part of the policy which reads as follows:

"A written request therefor having been made by the insured, it is hereby understood and agreed that should Mary Watson Farr, one of the beneficiaries designated under this Policy, survive the Insured, the amount of the death benefit payable under the conditions of the Policy shall be paid to said beneficiary in continuous monthly instalments (240 instalments certain and for the life of the beneficiary thereafter); provided, however, that should Floyd E. Farr, Jr., the other beneficiary designated under this Policy, be living at the time this Policy becomes a claim by death and should said beneficiary not then have attained the age of twenty-one years, the amount of the death benefit payable under the conditions of the Policy shall be retained by the Company, and on the date on which the said Floyd E. Farr, Jr., shall attain the age of twenty-one years, or at any time prior thereto on evidence being furnished that the said Floyd E. Farr, Jr. is not then living, the amount so retained, together with any accrued interest thereon, shall be paid to the said Mary Watson Farr in instalments as hereinbefore provided.

"That should the said Floyd E. Farr, Jr. become entitled to payment either at the time this Policy becomes a claim by death or subsequent thereto, the amount of the death benefit, the amount retained by the Company together with any accrued interest thereon, or the value of any unpaid instalments certain commuted at the rate of three and one-half per centum per annum, as the case may be, shall be paid to said beneficiary in a lump sum; provided, however, that should said beneficiary become entitled to payment and not have attained the age of twenty-one years, the amount accruing to said beneficiary shall be retained by the Company and the amount so retained, together with any accrued interest thereon, paid to said beneficiary on attaining said age;

"That, except as hereinbefore provided, said retention and payment of instalments shall be made in the manner and amount and subject to the conditions of the Settlement Options of the Policy and of Options 1 and 5 thereunder.

"It is specifically understood and agreed that at any time during the retention under said Option 1 as hereinbefore provided, should evidence satisfactory to the Company be furnished that the said Floyd E. Farr, Jr. has entered grade school, in lieu of payment as hereinbefore provided, interest on the amount then retained by the

Company shall be paid monthly; should evidence satisfactory to the Company be furnished that the said Floyd E. Farr, Jr. has entered high school, in lieu of payment as hereinbefore provided, the amount then retained by the Company shall be paid in monthly instalments of $37.50 each; and should evidence satisfactory to the Company be furnished that the said Floyd E. Farr, Jr. has entered college, in lieu of payment as hereinbefore provided, the amount then retained by the 'Company shall be paid in monthly instalments of $75.00 each; except that the amount of the instalments becoming payable in the months of February and September in each year subsequent to the Company's acceptance of the aforementioned evidence of college entrance shall be increased to $175.00 each; said payment of interest and of instalments to be made in accordance with the conditions of said Settlement Options and of Options 2 and 3 thereunder;

"That during the lifetime of the said Mary Watson Farr evidence of continued attendance of the said Floyd E. Farr, Jr. at grade school, high school or college, as the case may be, shall be furnished the Company annually, and in default of such evidence said monthly interest or instalment payments, as the case may be, shall cease and payment of any amount then retained by the Company shall be made to the said Mary Watson Farr in the manner set out in the first paragraph of this Agreement;

"That the word 'college' as used herein is defined to mean an institution of higher learning, entrance into which is conditioned upon the completion of a standard high school curriculum;

"That all decisions upon questions of fact, arising at any time during settlement of this Policy made by the Company in good faith, based on proof by affidavit or other written evidence satisfactory to it, shall be conclusive and fully protect the Company in acting in reliance thereon.

"Attached to and made a part of Life Policy No. 842976.
"Dated as of August 6, 1937."

Floyd E. Farr, Sr., died in the early part of the year 1939. The plaintiff has lived continuously with his mother, Jennie Mason Farr. At the time the plaintiff filed this suit he was over the age of 18 and under the age of 21 years. He had been previously emancipated by a judgment of the District Court in Rapides Parish on July 29, 1939.

The defendant, the insurance company, paid the installments allocated to the plaintiff's education to Marie Watson Farr from the death of the insured to the institution of this suit, which amounted to the sum of $262.50. Floyd E. Farr, Jr., only received from this amount the sum of $56.25 to be applied on his education which was sent to him by Marie Watson Farr, by means of a check, on August 23, 1939. The testimony of Floyd E. Farr, Jr., which is not contradicted, is to the effect that he did not receive the check until about two months after he had employed counsel to protect his interest in the policy. Since the filing of this suit all payments under the policy have been deposited in escrow

with the registry of the court, amounting to the sum of $800. The allegations in the plaintiff's petition and the allegations in the defendants' answer are to a large extent the pleader's interpretation of the policy, the indorsements thereon and the educational agreement. In fact, the sole question at issue was the interpretation to be given on the policy, the indorsements thereon and the riders or educational agreements attached thereto. Upon these issues the case was tried and the lower court gave judgment in favor of the plaintiff and against the defendant for the sum of $262.50, less a credit of $56.25; for the amount on deposit in escrow; and ordered the payments under the policy to be made to the plaintiff until the death benefit under the policy had been exhausted. From this judgment the defendants have appealed.

Counsel for the defendants-appellants contend that the policy, the indorsements thereon and the riders or educational agreements attached thereto reveal the expressed intent of the insured that the proceeds are to be paid direct to Marie Watson Farr.

Counsel for the plaintiff-appellee takes the opposite view and contends that the proper interpretation of the instruments is to the effect that the payments should be made to the plaintiff.

On examination of the policy and riders attached thereto it appears that from the date the policy was first issued a rider has been attached to it, which in each instance has the words "Educational Insurance Agreement" printed on the bottom thereof in bold letters. In each instance the rider provides for the payments of monthly amounts for the education of the plaintiff. The rider attached to the policy of May 28, 1933, at which time the insured was living with his first wife, Jennie Mason Farr, provided that any payments accruing to the plaintiff were to be made to his mother. The second rider to the policy, dated September 2, 1936, attached after the insured married Marie Watson Farr, provided that the payments accruing to Floyd E. Farr, Jr., were to be made to Marie Watson Farr. The last rider attached to the policy dated August 6, 1937, contains no such provision. The plaintiff has never lived with Marie Watson Farr but has continuously lived with his mother. It does not appear from the record that there was ever any intimate relationship between Marie Watson Farr and the plaintiff. It is only reasonable to believe that Marie Watson Farr would not have the same interest in seeing that the plaintiff receive the means for his education as his father or mother would. The reason why this provision was left out of the last rider appears to be significant. Subsequent events indicate the wisdom of leaving it out. The defendant, Marie Watson Farr, appropriated the payments received under the policy to her own use and benefit and it was only after the plaintiff had employed counsel that any of the funds were applied to the plaintiff's education. It appears that the primary object of this contract is to provide means to educate the plaintiff. From a mere reading of the last rider or educational

agreement attached to the policy, which is set out above in full, it appears that the payments derived from the policy must go primarily to the education ·of the plaintiff, and it is only when the plaintiff fails to avail himself of an education that the proceeds are to be disposed of otherwise. While Marie Watson Farr is designated in the indorsement on the policy as the beneficiary, or in the event she shall die before the insured that Floyd E. Farr is the beneficiary, the rider or educational agreement attached to the policy and bearing the same date qualifies this designation. From a reading of both instruments it appears that Marie Watson Farr is designated as the beneficiary, provided certain conditions do not arise. Moreover, it is in our opinion significant that the clause in the rider providing for the plaintiff's education begins with the words, "It is specifically understood and agreed." The last indorsement on the policy and the last rider attached thereto would govern in the interpretation of the contract. The specific controls the general. The rider would not have been attached to the policy if not for the purpose of specification. Mixon v. St. Paul Fire & Marine Ins. Co., 147 La. 302, 84 So. 790.

The fact that the last rider or educational agreement contains no provision that the payments of the installments, allocated to plaintiff's education, are to be paid to anyone other than the plaintiff, making it in this respect different from the previous riders or educational agreements, in our opinion clearly shows that it was contemplated that the payments were to be made to the plaintiff. If it had been intended otherwise, some provision to that effect would have been incorporated therein.

For the reasons assigned, the judgment is affirmed at appellants' cost.

O'NIELL, C. J., and LAND, J., take no part.

On Rehearing.

PER CURIAM.

The Pacific Mutual Life Insurance Co., one of the appellants. herein, in an application for a rehearing, suggests that our decree should be amended so as to reserve its right to recover by appropriate proceedings from Mrs. Marie Watson Farr, appellant, defendant, the amount of $262.50, less a credit of $56.25, erroneously paid her by the applicant. The applicant is entitled to this reservation of its right. Accordingly our decree is amended so as to specifically reserve the right, if any, of the Pacific Mutual Life Insurance Company to recover from Mrs. Marie Watson Farr, by appropriate proceedings, the amount of $262.50 less a credit of $56.25. With this amendment to our decree the rehearing is refused.