Claude DUNN et ux., Appellants,

v.

TRADERS & GENERAL INS. CO., Appellee.

No. 15048.

Court of Civil Appeals of Texas.

Dallas.

Feb. 10, 1956.

Rehearing Denied March 9, 1956.

O. M. Stubblefield, Bonney, Wade & Stubblefield, Dallas, for appellants.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellee.

YOUNG, Justice.

Appellants as plaintiffs in trial court sought recovery against appellee on two Georgia judgments representing damages for injuries sustained by Mrs. Dunn, growing out of an accident when struck by the automobile of Arthur Hurley and driven by Jackie Evenson. Invoking the provisions of Rule 166–A, T.C.P., both sides moved for summary judgment supported by affidavits; that of the insurance company being sustained with judgment that plaintiffs take nothing by their suit, which ruling is the occasion of this appeal.

Background of the instant proceedings must first be outlined; the record (pleadings and briefs of the respective parties) reflecting facts and occurrences, viz.: On May 6, 1952 defendant Company issued to Arthur Hurley its one-year automobile policy No. A 685429, a copy of which was attached to plaintiffs' petition, certified *as*

*of October 8, 1953* by defendant's Vice President to be a true and exact copy; its contents in part, descriptive and otherwise, being here quoted: Labeled "Automobile Comprehensive Personal Liability"; assured "Arthur Hurley, Address 185th Signal Bn., Camp Polk, La. * * * Occupation * * * Sgt. 1st Class, U. S. Army * * * Bodily Injury Liability—Automobile $5,000 each person, $10,000 each accident * * * Total Premium $10.00"; the policy further describing coverage as "1949 Chevrolet Conv.", then reciting "Form Attached—Military Posts, Camps or Cantonments Limited Coverage"; purpose of automobile use "pleasure and business"; and countersigned by Morris Insurance Agency, Leesville, La. Rider Form 102A, headed "Military Posts, Camps, Cantonments or Reservations—Limited Coverage", provides: "This endorsement forms a part of Policy No. A 685429 issued to Arthur Hurley by the Traders & General Insurance Company at its Agency located (city and state) Leesville, Louisiana and is effective from May 6, 1952 (12:01 A.M. Standard Time). It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Medical Payments applies subject to the following provisions: 1. The insurance applies only to accidents which occur while the automobile is within boundaries of any military post, camp, cantonment or reservation. 2. The insurance shall not be construed to comply with the motor vehicle financial responsibility law of any state or province. By Morris Insurance Agency (Duly Authorized Representative). FORM 102A.—Military Posts, Camps, Cantonments or Reservations—Limited Coverage. Standard Automobile Endorsement Revised May 1, 1953." (Here it is to be noted that above Rider Form 102A bears the imprint "Revised May 1, 1953"; and that without such Rider and under sec. IX, policy insuring agreements, its coverage was for accidents occurring "within the United States * * *.")

On December 24, 1952, Appellant Mary Dunn was struck and injured by the automobile of insured Hurley, occupied by him and driven by Evenson, while she was walking on U. S. Highway 78 inside the City limits of Harlem, Georgia. The Dunns thereafter brought damage suits, for injuries arising from said accident, in the Superior Court of Columbia County, Georgia; obtaining judgments, viz.: Against Hurley for $3,800 of date September 28, 1952, against Evenson for $10,000 of date March 22, 1954. The instant suit was based on these judgments in the amount of $5,000 and reasonable attorney fees; alleging among other things that said Rider 102A was not on Policy A 685429 at time of issuance to Hurley or at time of the injuries complained of; going on to assert invalidity of Rider on various grounds in event of its original attachment to the policy. Plaintiffs further pled estoppel of defendant Company to deny liability in that, relying on the copy of policy so furnished, considerable expense had been incurred in connection with the Evenson suit and prosecution of same to judgment.

In support of the motion for summary judgment filed by plaintiffs were affidavits of their attorney Randall Evans, Jr., and the Dunns; reciting allegations of petition concerning time expended and services performed (legal and otherwise) in reliance on the copy of policy furnished by defendant Company; the attorney valuing his time and efforts at $2,500; also loss of earnings to clients at $100 and that no money had been collected on said judgments for the injuries suffered by Mary Dunn.

At the hearing of November 18, 1954 appellee's motion for summary judgment was supported by affidavit of its attorney, W. M. Taylor, Jr., first pointing to insufficiency of plaintiffs' affidavits to raise genuine issues of fact; that the insurance purchased by Hurley was for restricted coverage, applying only to accidents occurring while his automobile was within the confines of a military post, camp or cantonment, paying therefor only the sum of $10, Rider 102A so providing and at all times a part of the policy; that no estoppel could arise and nothing in the policy or endorsements attached could possibly have misled plaintiffs to their injury; that on June 2, 1953

Morris Insurance Agency (defendant's representative) at Leesville, Louisiana, wrote to Randall Evans, plaintiffs' attorney, advising him that the insurance purchased by Hurley applied only to accidents occurring within boundaries of "any military post, camp, or cantonment," and hence no estoppel would apply. This affiant further stated: "that the premium for unrestricted coverage under the laws of the State of Louisiana would have been $46.00, and for defendant to have provided unrestricted coverage for $10.00 would have been a violation of Section 652 prohibiting unfair discrimination in favor of particular individuals or persons, and plaintiffs here seek to write a new contract between this defendant and Arthur Hurley creating an insurance coverage not purchased nor paid for by said Hurley."

These motions for summary judgment, submitted to the court along with above affidavits on November 18, 1954, were held under advisement until May 26, 1955, then rendering the judgment adverse to plaintiffs. Within said period and on February 10, 1955 appellee filed a further affidavit in person of O. E. Morris, Proprietor of Morris Insurance Agency, Leesville, La., whose sworn statement follows: "* * * that on or about May 6, 1952, one Arthur Hurley, who was a Sergeant in the United States Army stationed at Camp Polk, Louisiana, applied to affiant for an insurance policy on his automobile so that he could operate said automobile on the military base of Camp Polk; that Army Regulations required that automobiles to be operated on the military base should have public liability and property damage insurance coverage; that said Arthur Hurley desired and requested the limited coverage which would authorize him to take his car on the military base and could be sold to him for a premium of $10.00, whereas the insurance coverage which would protect him off the military base would cost $46.00 as of May 6, 1952, being the premium fixed by the Insurance Rating Commission of the State of Louisiana on that type of insurance policy; therefore, on or about May 6, 1952, affiant caused to be issued to said Arthur Hurley

Traders and General Insurance Company Policy No. A 685429, with Endorsement 102A being attached and made a part of said policy; that said Endorsement 102A provides: 'It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies only to accidents which occur while the automobile is within boundaries of any military post, camp or cantonment'; that said Endorsement 102A is filed with and approved by the Office of the Commissioner of Insurance of the State of Louisiana; that said Arthur Hurley paid only the premium of $10.00 for such policy." Affiant Morris further stated that thereafter the attorney for plaintiffs had written him for information concerning the policy in suit, he replying on June 2, 1953, as follows:

"Mr. Randall Evans, Jr. Thomson, Ga. Dear Sir: With reference to your letter of May 28th, we have located the following described policy, which was issued for 1 year on May 6, 1952 to Arthur Hurley, covering the 1949 Chev. Conv. described in your letter: No. A 685429—Traders and General Insurance Co. Dallas, Texas. Coverage provided by this policy, however, is $5/10,000 Bodily Injury Liability and $5,000 Property Damage Liability, and having been issued at a reduced rate applies only to accidents which occur within the boundaries of any Military Posts, Camp or Cantonment. Hoping this is the information you desire, we are Very truly yours Morris Insurance Agency O. E. Morris."

Appellants moved to strike the Morris affidavit and hold same for naught on grounds, among others, that it was filed too late. No ruling of the court appears in the record on this pleading; the judgment entered May 26, 1955 reciting that the motions came on to be heard on November 18, 1954; the court upon consideration of the pleadings and all evidence being of the opinion that plaintiffs should take nothing, etc.

Points of appeal will be summarized: The trial court's error (1) in finding that Rider 102A limiting the scope of said per-

sonal liability policy to military posts, reservations, etc., was attached thereto at time it issued to assured Hurley; (2) in overruling appellants' motion for summary judgment when "same was supported by competent, sufficient, conclusive, and uncontroverted affidavits, exhibits and pleadings"; defendant having filed no controverting affidavits to place appellants' affidavits in issue; (3) in not finding that Rider 102A excluding liability for accidents arising outside of military posts, etc., was unreasonable, in conflict with provisions of the contract and against public policy; (4) in not finding that said Rider, if given effect, was an attempt to render the general policy provisions a nullity and violative of the insurance laws of the state where issued; (5) in not finding that appellee was estopped to deny liability upon the policy, verified by appellee's Vice President as being an exact copy of the policy in force at time of injuries; (6) in not finding that the attempted limitation of liability was, by its own terms, an "agreement", which, under the law and usage should have been signed by both parties; and (7) in not finding that the mere typing of an insurance agency's name upon the Rider was ineffective as a signature or an agreement.

Appellee on the other hand argues correctness of the trial court's grant of summary judgment to defendant, (1) "since the insurance policy in question covered only accidents occurring while the automobile was within the boundaries of a military post, camp or cantonment, and the accident sued upon did not occur within any such military area"; (2) "there being no evidence whatsoever in the record of any insurance policy covering accidents outside of military posts, camps or cantonments"; (3) because the Rider limitation of coverage to military areas was in all respects valid; and (4) because such an endorsement "attached to a policy at the time of its issuance need not bear the signatures of insured or insurer, where the policy itself is properly countersigned."

■ Undisputedly, the accident in question did not occur within boundaries of any military post, camp or cantonment, but upon a public highway within the city limits of Harlem, Georgia; also from copy of policy, made part of plaintiffs' petition (exclusive of endorsements), appeared the recitals "Total Premium $10.00 * * * Form Attached—Military Posts, Camps or Cantonments Limited Coverage." Consistent with these recitals there appears on the duplicate copy of Hurley's 1952 policy a Rider 102A, but with an impossible date (May 1, 1953)*. Appellants endeavor to capitalize on the discrepancy, arguing that same amounts to a defendant's admission of non-existence of any limiting rider on policy date or on December 24, 1952, date of accident, making the 1952 policy one of comprehensive coverage as captioned; such constituting their initial point in effect.

In our opinion appellants lay undue and illogical stress on the absence of a 1952 dated rider, form of which is indicated as being attached to the basic contract. At most, the discrepancy was a matter for the court's attention at the hearing of November 18, 1954, counsel for appellee emphatically asserting that the point was not raised. Be that as it may, the court then took the case under advisement, rendering a defendant's judgment on May 26, 1955.

---

* This hiatus, if it may be so termed, is not explained in the record, for the reason, appellee heatedly asserts, that same was not called to the attention of any one until brought out under point 1 of appellants' brief. Counsel in reply brief makes the following statement: "In making up this certified copy for the benefit and convenience of plaintiffs, Mr. Smith, the Vice President of the company, used one of the blank Form 102A's then on hand, filling in the blanks in accordance with the information in the company's file, since this was being done on October 8, 1953, the current 1953 printed forms of Endorsement 102A were the ones on hand, and naturally, if inadvertently, such a form was used. Of course, the printed date on the form was not an operative part of the policy, but merely a part of the identifying printing information, and obviously there was no intent to represent that a particular piece of paper printed in 1953 was attached to the policy when issued in 1952."

Intervening these dates, the Morris affidavit was filed under authority of subd. (e), Rule 166-A, Summary Judgments, that "The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

Said affidavit of O. E. Morris, appellee's issuing agent, established, for the purpose of the hearing at hand, facts within his knowledge as follows: That Hurley, the assured, sought only automobile insurance with coverage limited to military posts, reservations, etc., at a cost of $10, whereas comprehensive coverage as of May 6, 1952, under insurance regulations of Louisiana, was $46; and that policy No. A 685429 was then delivered with Rider 102A thereto attached, limiting liability to accidents which occur while he was within boundaries of military posts; the contents of such rider having been approved by the Louisiana Commissioner of Insurance. The affidavit last mentioned was not opposed by like proof, nor do any of appellants' affidavits bear upon the facts disclosed by affiant Morris. Point 1 therefore must be overruled under authority of Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, 239, holding: "* * * Appellees' showing was supported by sworn factual statements sufficient upon their face to establish a complete defense to everything appellants alleged. The verity of those sworn statements was in no way challenged by counter-affidavits or other sworn statements. In the hearing to locate the dispute about genuine and material facts, all facts stood undisputed, unchallenged, uncontroverted. When such a condition exists, there are no facts to try. Fowler v. Texas Employers' Ins. Ass'n [Tex.Civ.App.], 237 S.W.2d 373." It is contended that appellee's further affidavit filed in February 1955 came too late for a hearing as of November 1954. No ruling appears to have been requested on appellants' objections to the Morris affidavit and the court's later judgment recited a consideration of all evidence before it. Appellants had ample opportunity to answer the questioned affidavit, for until its determination, the cause was in process of trial.

In further points, invalidity of the mentioned Rider is claimed as a matter of law, which points, though fully considered, must be overruled in the following conclusions, briefly stated: (1) We find no provision of the Louisiana Insurance Code, LSA–R.S. 22:620, 22:623, prohibitive of a policy provision limiting coverage to military areas only. (2) Nor is the Rider void as in conflict with Sec. IX above quoted. Section 654 of the Louisiana Code provides: "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to or made a part of the policy." LSA–R.S. 22:654. The courts have expressly held that a policy may be amplified, modified or extended by such endorsements. New Amsterdam Casualty Co. v. Whitehead Motor Co., La.App., 170 So. 565; also that a rider attached to an automobile policy controls in case of conflict between its terms and those of the printed contract. Farr v. Pacific Mut. Life Ins. Co., 197 La. 111, 200 So. 865; Le Blanc v. New Amsterdam Casualty Co., 202 La. 857, 13 So.2d 245, affirming La.App., 8 So.2d 83. (3) An endorsement such as Form 102A is not void as against public policy. To the contrary, territorial limitations on the coverage of automobile liability contracts have been held proper and valid the country over. Waldrip v. Lawyers Lloyds of Texas, Tex. Civ.App., 174 S.W.2d 107, citing authorities. See also Person v. Tyson, 215 N.C. 127, 1 S.E.2d 367; Hardware Mut. Casualty Co. v. Higgason, 175 Tenn. 357, 134 S.W.2d 169 (citing with approval United States F. & G. Co. v. Baldwin Motor Co., Tex.Com. App., 34 S.W.2d 815); Perrodin v. Thibodeaux, La.App., 191 So. 148; Commercial Cas. Ins. Co. v. Mansfield, 98 N.H. 120, 96 A.2d 558. (4) It is well established in Louisiana, Texas, and generally, that riders attached to a policy, when delivered, are properly treated as a part thereof, though not independently signed; as the policy signatory is inclusive of all riders. Central Sur. & Ins. Corp. v. Canulette Shipbuilding Co., La.App., 195 So. 114; Grell v. Sam Houston Life Ins. Co., Tex.Civ.App., 157

S.W. 757; Legare v. West Coast Life Ins. Co., 118 Cal.App. 663, 5 P.2d 682. (5) And lastly, no question of estoppel appears in this record; defendant having maintained at all times that the only policy issued was one with coverage limited to military areas, and having made no contrary representations at any time upon which appellants could have relied to their detriment.

. The judgment under review is in all respects affirmed.