STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-46

SAMUEL CHESNE

VERSUS

ELEVATED TANK APPLICATORS, INC.

**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 01-07975
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion and *John B. Scofield, Judges.

*Honorable John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as *Judge Pro Tempore.*

AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.

Jay A. Pucheu
P. O. Box 310
Marksville, LA 71351
(318) 253-5080
Counsel for Plaintiff/Appellant
  Samuel Chesne

James J. Hautot, Jr.

**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70503**
**(337) 235-2405**
**Counsel for Defendant/Appellee**
  **American Home Assurance Co.**

**Michael L. Hyman**
**Hyman Law Firm**
**301 St. Ferdinand St.**
**Baton Rouge, La 70802**
**(225) 344-6453**
**Counsel for Defendant/Appellee**
  **Elevated Tank Applicators, Inc.**

GREMILLION, Judge.

The plaintiff, Samuel Chesne, appeals the judgment of the workers' compensation judge finding that a policy of workers' compensation coverage issued by the defendant, American Home Assurance Company, in favor of his employer, Elevated Tank Applicators, had expired on August 18, 2001. He further appeals the workers' compensation judge's failure to award him additional penalties based on Elevated Tank's false accusation and submission of a false accident date. We affirm in part, reverse in part, and render.

## FACTS

It is undisputed that Chesne suffered a rotator cuff injury to his right shoulder while in the course and scope of his employment with Elevated Tank on August 25, 2001. Although Elevated Tank initially arranged for medical care and commenced the payment of weekly indemnity benefits, both were terminated soon thereafter. On November 1, 2001, Chesne filed a disputed claim for compensation based on Elevated Tank's arbitrary, capricious, and unreasonable failure to pay him weekly indemnity benefits at the correct rate and on a timely basis.

In an amended and supplemental disputed claim, Chesne sought additional penalties and attorney's fees based on Elevated Tank's violation of La.R.S. 23:1208, through a false declaration of workers' compensation coverage, his refusal of light-duty work, and allegations of marijuana use on his part. In a further amended and supplemental disputed claim, Chesne named National Union Fire Insurance Company, through AIG Claim Service, Inc., as an additional defendant. In a final amended and supplemental disputed claim for compensation, he alleged that he was also an employee of Cross Construction, Inc., as evidenced by his employment

2

checks.

American Home answered Chesne's claim stating that he had incorrectly named National Union as Elevated Tank's workers' compensation provider. It further denied coverage since Elevated Tank's policy had expired prior to the date of his work-related accident. It then filed a motion for summary judgment alleging the expiration of the workers' compensation policy.

Following a hearing on the merits, the workers' compensation judge took the matter under advisement and then rendered oral reasons finding no coverage on the part of American Home for Chesne's work-related accident and dismissing his claim against it with prejudice. The workers' compensation judge further held that Chesne suffered a work-related accident, determined his average weekly wage, found him entitled to temporary total disability benefits from the date of the accident, awarded him penalties as a result of Elevated Tank's miscalculation of his initial disability rate and failure to reinstate medical or disability benefits, and awarded him a penalty pursuant to La.R.S. 23:1171.2 for Elevated Tank's failure to maintain workers' compensation coverage resulting in a weekly indemnity rate of $582.[1] A judgment was rendered in this matter on October 2, 2003. Chesne appealed this judgment, as did Elevated Tank. However, Elevated Tank's appeal was abandoned for failure to pay appeal costs.

**ISSUES**

Chesne raises two assignments of error on appeal. First, he argues that

---

[1] The workers' compensation judge's oral reasons state that this is a violation of La.R.S. 23:1272.1. The judgment states that this is a violation of La.R.S. 23:1272. However, a review of the Louisiana Revised Statutes reveals that La.R.S. 23:1271.2 provides, "The amount of weekly compensation provided in this Chapter shall be increased by fifty percent in any case where the employer has failed to provide security for compensation as required by R.S. 23:1136.

the workers' compensation judge erred in finding that American Home was not required to send Elevated Tank notice of nonrenewal pursuant to La.R.S. 22:636.4, based on an agreement that it would not seek renewal of its workers' compensation policy. Second, he argues that the workers' compensation judge erred in not awarding him penalties based on Elevated Tank's false accusation of marijuana use and the submission of a false accident date.

## NOTICE OF NON-RENEWAL

In his first assignment of error, Chesne argues that the workers' compensation judge erred in finding that American Home was not required to send Elevated Tank notice of its intent not to renew its workers' compensation policy. In support, he cites La.R.S. 22:636.4(D) and an endorsement contained within Elevated Tank's workers' compensation policy, which required American Home to notify Elevated Tank of its intent not to renew no later than thirty days prior to the anticipated termination date of the policy.

After reviewing the record in its entirety, we find that neither La.R.S. 23:636.4 nor the specified endorsement applies in this instance. Louisiana Revised Statute 22:636.4 does contain a provision requiring sixty days notice if an insurer does not intend to renew an insured's commercial insurance policy. La.R.S. 23:636.4(D)(1). Such notice is not required if "the named insured has obtained replacement coverage or has agreed in writing to obtain replacement coverage." La.R.S. 22:363.4(D)(2). However, as pointed out by American Home, La.R.S. 22:636.4, as written at the commencement of the policy in question, specifically did not apply to policies of workers' compensation insurance. The statute was amended

4

during the 2001 legislative session to include workers' compensation insurance in the types of policies subject to the requirements contained therein. Acts 2001, No. 1052, § 1. This amendment became effective August 15, 2001, three days prior to the expiration the workers' compensation policy issued by American Home.

Louisiana Civil Code Article 6 provides that, "In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." In this instance, the legislature did not specify that Acts 2001, No. 1052, § 1 should apply retroactively. However, a review of the law reveals its substantive nature in that it establishes new duties on the part of the commercial insurers to notify their workers' compensation insureds of their intent not to renew their policy. "'Substantive laws,' for purposes of determining whether a law should be applied retroactively, are those which establish new rules, rights, and duties, or change existing ones." *Landry v. Avondale Indus., Inc.*, 03-0719, p. 6 (La. 12/3/03), 864 So.2d 117, 123 (quoting *Anderson v. Avondale Indus.*, 00-2799 (La. 10/16/01), 798 So.2d 93, 97; *Aucoin v. State Through Dept. of Transp. and Dev.*, 97-1938, 97-1967 (La. 4/24/98), 712 So.2d 62, 67. Thus, the duty established in the 2001 amendment is substantive in nature and should only be applied prospectively. Accordingly, La.R.S. 22:636.4, as written today, does not apply to this factual situation.

Chesne further argues that an endorsement contained in the workers' compensation policy issued by American Home provides that it receive notice of

5

nonrenewal at least thirty days prior to the anticipated expiration of the policy.  The

referenced endorsement entitled, "Texas Amendatory Endorsement," provides in Part

Six-Conditions, Section D:

. . . .

2.　　　We may cancel this policy.  We may also decline to renew it.  We must give you written notice of cancelation or nonrenewal.  That notice will be sent certified mail or delivered to you in person.  A copy of the written notice will be sent to the Texas Workers' Compensation Commission.

3.　　　Notice of cancelation or nonrenewal must be sent to you not later than the 30th day before the date on which the cancelation or nonrenewal becomes effective, except that we may send the notice not later than the 10th day before the date on which the cancelation or nonrenewal becomes effective if we cancel or do not renew because of:

a.　　Fraud in obtaining coverage;

b.　　Misrepresentation of the amount of payroll for purposes of premium calculation.

c.　　Failure to pay a premium when payment was due.

d.　　An increase in the hazard for which you seek coverage that results from an action or omission and that would produce an increase in the rate, including an increase because of failure to comply with reasonable recommendations for loss control or to comply within a reasonable period with recommendations designed to reduce a hazard that is under your control;

e.　　A determination by the Commissioner of Insurance that the continuation of the policy would place us in violation of the law, or would be hazardous to the interests of

subscribers, creditors, or the general public.

Insurance policies are contracts, which are interpreted pursuant to the general rules of contractual interpretation. *Magnon v. Collins*, 98-2822 (La. 7/7/99), 739 So.2d 191. In *Lafauci v. Jenkins*, 01-2960, pp. 10-11 (La.App. 1 Cir. 1/15/03), 844 So.2d 19, 27, *writ denied*, 03-0498 (La. 4/25/03), 842 So.2d 403 (footnote omitted), the court stated:

> Where there is a conflict between policy endorsements affecting the same coverage provision, the most recent endorsement form's language should be construed as superseding the corresponding language of the earlier endorsement. *See Farr v. Pacific Mutual Life Insurance Company* 197 La. 111, 119, 200 So.2d 865, 867 (1941). Additionally, as the most recent endorsement form here is by its own terms specifically applicable to Louisiana, it should likewise be construed as controlling over the prior "general," non-territorial form in the event of conflicting language. *See, e.g., Corbello v. Iowa Production*, 01-567, p. 9 (La.App. 3rd Cir.12/26/01), 806 So.2d 32, 41; *Richard v. Borden Inc.*, 597 So.2d 60, 65 (La.App. 1st Cir.1992).

In *Corbello v. Iowa Production*, 02-0826, p. 25 (La.App. 3 Cir. 2/25/03), 850 So.2d 686, 704 (quoting *Mixon v. St. Paul Fire & Marine Insurance Co. of St. Paul*, 147 La. 302, 306, 84 So. 790, 791 (1920)), the supreme court reiterated the rule, "in the interpretation of statutes and contracts, the specific controls the general."

In this case, the policy issued to Elevated Tank by American Home contains two endorsements, a Louisiana Amendatory Endorsement and a Texas Amendatory Endorsement. The Louisiana Amendatory Endorsement does not contain language requiring American Home to provide written notice to Elevated Tank of its intent not to renew the policy. The only language contained in the endorsement applicable to nonrenewal is contained in Subsection D(3), which provides:

> Where written notice of cancelation or nonrenewal is required and the insurer elects to mail the notice, the running of the time period between the date of mailing and the effective date of termination of coverage shall commence upon the date of

7

mailing.

Although Elevated Tank's workers' compensation insurance policy contains conflicting provisions pertaining to written notice of nonrenewal, we find that the Louisiana Amendatory Endorsement controls as it specifically applies to Louisiana. Thus, American Home was not required to provide prior written notice of its intent not to renew Elevated Tank's policy. Accordingly, this assignment of error is dismissed as being without merit. The judgment of the workers' compensation judge, finding no requirement on the part of American Home to send notice of nonrenewal to Elevated Tank, is affirmed.

**PENALTIES**

In his final assignment of error, Chesne argues that the workers' compensation judge erred in failing to assess Elevated Tank with penalties for violations of La.R.S. 23:1208. In his first amended and supplemental disputed claim for compensation, Chesne alleged that Elevated Tank violated La.R.S. 23:1208 by falsely claiming it carried workers' compensation coverage and by alleging his use of marijuana in its answer.

La.R.S. 23:1208(A) provides, "It shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation." To satisfy his burden, Chesne must prove that Elevated Tank willfully made a false representation for the purpose of obtaining or defeating a claim for compensation benefits. *Resweber v. Haroil Constr. Co.*, 94-2708 (La. 9/5/95), 660 So.2d 7. An inadvertent or inconsequential false statement will not result in the

8

forfeiture of benefits. *Jim Walter Homes, Inc. v. Prine*, 01-116 (La.App. 1 Cir. 2/15/02), 808 So.2d 818. Since a workers' compensation judge's findings in this regard are factual in nature, they will not be reversed on appeal absent a showing of manifest error. *Smith v. Quarles Drilling Co.*, 99-171 (La.App. 3 Cir. 6/2/99), 741 So.2d 829, *writ denied*, 99-1949 (La. 10/8/99), 751 So.2d 227.

A judgment's silence on an issue before the court will be considered as a rejection of that demand. *Ring v. Decor Gravure Corp.*, 99-1965 (La.App. 3 Cir. 6/7/00), 768 So.2d 116, *writ denied*, 00-2053 (La. 10/6/00). Thus, we must consider these two claims as being denied by the workers' compensation judge.

A review of the record reveals that the workers' compensation judge did not specifically address these issues in his judgment. The workers' compensation judge did award Chesne a fifty percent increase in his temporary total disability rate due to Elevated Tank's failure to maintain workers' compensation coverage. However, this finding does not affect his request for penalties based on La.R.S. 23:1208.

In his oral reasons, the workers' compensation judge stated:

> Interestingly enough, the employer filed a report of injury alleging the date of injury was August 6th of 2001, filed an initial Answer alleging the date was August 6th of 2001; and in an answer to a subsequent amended petition, they stood by the injury date of August 6th of 2001. Apparently from the records of the American Home Assurance Company, American Home Assurance canceled the insurance coverage effective July 26th of 2001 to Elevated Tank Applicators for the failure to pay premiums due for the months of May and June of 2001. There is no dispute before the Court that the cancellation of the policy for failure to pay the premiums was inappropriate.

Later in his reasons pertaining to Elevated Tank's termination of Chesne's indemnity and medical benefits, the workers' compensation judge said, "I find that the termination of benefits by Elevated Tank Applicators was certainly and definitely most

arbitrary and capricious given the fact that they answered and asserted on two occasions that the injury was August 6th of 2001, apparently an attempt to find coverage with American Home Assurance Company."

After reviewing the record, we find that the workers' compensation judge erred in denying Chesne's claim that Elevated Tank violated the provisions of La.R.S. 23:1208. The workers' compensation judge found that Elevated Tank thrice claimed that Chesne's work-related injury occurred on August 6, 2001, prior to the cancellation of its workers' compensation policy with American Home. This policy was initially cancelled on July 26, 2001, and then reinstated until its expiration on August 18, 2001. Prior to the trial on the merits, American Home stipulated that the work-related accident occurred on August 25, 2001. Accordingly, we find that Elevated Tank willfully misrepresented the date of Chesne's accident in order to obtain workers' compensation coverage and that the workers' compensation judge erred in denying his claim. We award him $5,000 in penalties pursuant to La.R.S. 23:1208©).

Chesne next argues that the workers' compensation judge erred in denying his claim for penalties based on Elevated Tank's false accusation that he used marijuana. In its second answer, Elevated Tank raised the affirmative defense of intoxication by stating that marijuana use was suspected on Chesne's part. The record reveals no evidence of a drug screen or of drug use by him; moreover, Elevated Tank stipulated at the start of the trial that he was injured while in the course and scope of his employment. The defense of intoxication was never raised during the trial on the merits. To satisfy his burden, Chesne need only prove that Elevated Tank willfully made a false statement for the purpose of defeating his claim for benefits. In

10

determining whether a statement was willfully made, the court considers the relationship between the false statement and the pending claim for compensation. *Newman v. Richard Price Constr.*, 02-995 (La.App. 1 Cir. 8/8/03), 859 So.2d 136. "A false statement which is inconsequential to the present claim may indicate that the statement was not willfully made for the purpose of obtaining [or defeating] benefits." *Id.* at 141. After considering Elevated Tank's allegation of suspected drug use by Chesne, we find that the statement was willfully made for the express purpose of defeating his claim for indemnity and medical benefits. There is no evidence in the record substantiating this claim. Accordingly, we find that the workers' compensation judge erred in denying this claim, and we award Chesne $2,000 in penalties.

## CONCLUSION

For the foregoing reasons, the workers' compensation judge's finding, that American Home Assurance Company was not required to notify Elevated Tank Applicators in writing of its intent not to renew its policy, is affirmed. However, the judgment of the workers' compensation judge denying Chesne penalties based on Elevated Tank Applicator's violation of La.R.S. 23:1208 is reversed, and we now order, adjudge, and decree that there be judgment in his favor in the amount of $7,000. The costs of this appeal are assessed twenty-five percent to the plaintiff-appellant, Samuel Chesne, and seventy-five percent to the defendant-appellee, Elevated Tank Applicators.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.**

11