HOME INSURANCE COMPANY OF NEW ORLEANS v. J. W. CARY.

No. 844.

**Insurance Policy—Warranty—Iron Safe Clause.**—In a fire insurance policy, the only description of the property and the iron safe clause were written and printed together on a slip of paper, which was pasted in the face of the policy at the appropriate blank space left for that purpose, and expressly made a part of the contract. *Held,* that the clause was a part of the policy, that its stipulations constituted a warranty, and a failure to meet its requirements avoided the policy.

ERROR from County Court of Walker. Tried below before Hon. W. A. LEIGH.

*Morgan & Thompson,* for plaintiff in error.—The clause attached to and made a part of the policy of insurance herein sued upon, which is known and designated as the iron safe clause, is an express promissory warranty on the part of the assured, and the failure on his part to strictly comply with the requirements of the said iron safe clause constitutes a complete bar to any recovery by him under said policy. Ins. Co. v. Atkinson, 25 S. W. Rep., 1069; Landman v. Ins. Co., 19 Ins. L. J., 572; Crigler v. Ins. Co., 49 Mo. App., 11; Goddard v. Ins. Co., 67 Texas, 69; Ins. Co. v. Stone, 49 Texas, 11.

*T. H. Ball,* for appellee.—The alleged iron safe clause forms no part of the policy of insurance which is the subject matter of this suit, and appears on said original policy in such manner, connection, and place that same does not constitute a warranty on the part of assured, and does not bar a recovery on the policy. Goddard v. Ins. Co., 67 Texas, 69, and authorities cited.

WILLIAMS, ASSOCIATE JUSTICE.—Defendant in error, who was plaintiff below, recovered a judgment upon a policy of insurance upon a stock of goods, issued to him by plaintiff in error. The defense was breach of warrant contained in what is known as the "iron safe clause" of the policy. It was conceded in the pleading and evidence of plaintiff that he had not complied with the terms of that clause of the policy; but he claimed, and the court below charged the jury, that such stipulation was not a warranty, and that mere failure to comply with it did not avoid the policy. It is necessary only to determine whether or not this ruling was correct. The policy consists of a large sheet of paper, containing most of the stipulations, but in a

blank space left in it there is pasted a sheet, of smaller size, which contains a description of the property insured, the three-quarter clause, and the iron safe clause in question, in language and figures, partly printed and partly written. The portion of the policy which precedes the attached slip is as follows:

"By this policy of insurance  *  *  *  the Home Insurance Company of New Orleans, in consideration of the stipulations herein named, and of twenty-five dollars premium, does insure J. W. Cary for the term of one year, from the 21st day of November, 1892, at noon, to the 21st day of November, 1893, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding five hundred dollars, to the following described property while located and contained as described herein, and not elsewhere, to wit, as per printed form hereto attached."

Just after this language the smaller sheet is pasted, and reads as follows:

"FORM 32.—Five hundred dollars on his stock of merchandise, consisting of dry goods, groceries, boots, shoes, hats, caps, hardware, cutlery, notions, and such other goods as are usually kept for sale in country stores, all while contained in the two-story frame building, with shingle roof, and while occupied as for mercantile purposes, situated in block 3, lot 818, Huntsville, Walker County, Texas.

"$—— on above described building.

"$—— on store furniture and fixtures (including iron safe) while contained therein.

"And it is further understood and agreed to be a condition of this insurance, that in case of any loss or damage under this policy this company shall be liable for only three-fourths of said loss, not exceeding the sum insured, the other one-fourth to be borne by the assured. And in case of other insurance thereon, this company to be liable only for its proportion of three-fourths of such loss.

"Iron Safe Clause.—The assured under this policy hereby covenants and agrees to keep a set of books, showing a complete record of business transacted, including all purchases and sales, both for cash and credit, together with the last inventory of said business; and further covenants and agrees to keep such books and inventory securely locked in a fire-proof safe at night, and at all times when the store mentioned in the within policy is not actually open for business, or in some secure place not exposed to a fire which would destroy the house where said business is carried on; and in case of loss the assured agrees and covenants to produce such books and inventory, and in the event of a failure to produce the same, this policy shall be deemed null and void, and no suit or action at law shall be maintained thereon for any such loss.

"Special reference being had to assured's application, which is hereby made a warranty and part hereof.

"Total concurrent insurance permitted on building and fixtures, $———, including this policy.

"Attached to policy No. 58,542 of the Home Insurance Company, of New Orleans, La.                "S. D. SCUDDER, Secretary."

Immediately following the aforesaid, there is upon the larger of the papers, and occupying all the balance of it, printed matter, the first sentence of which is as follows: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper reductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or if they differ, then by appraisers, as hereinafter provided; and the amount of the loss or damage having been thus determined, the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy."

It will be seen, that if the attached slip were omitted there would be no description of the property insured, and the policy would be incomplete. That it constitutes a portion of the contract and is a warranty, we entertain no doubt. There is no rule of law which would warrant the court in adopting that portion of the attached sheet containing the description of the property as constituting a part of the policy, and in rejecting the remainder. The parties make their own contracts, and the courts can not change them. The iron safe clause is contained in a sheet which is expressly made a part of the contract, and it stipulates that it is a warranty, and that a failure to comply with its requirements shall avoid the policy.

The case differs in almost every essential particular from that of Goddard v. Insurance Company, 67 Texas, 69. In that case, the iron safe provision did not in terms provide that it should constitute a warranty, was not referred to in the policy, nor did it refer to the policy. It was pasted on the policy in the midst of a sentence which had no reference to the stipulations of the assured, in such connection as to destroy the sense of the sentence; and, what is more important than all these circumstances, the policy was complete without the attached paper containing the clause in question, and expressly stipulated in other parts what were its warranties.

In all of these respects, the policy under consideration in that case differs from that here in question, and it was upon those features of that policy that the decision rested. The policy here meets every requirement of the law as expressed in the opinion in that case.

In the case of Kelly-Goodfellow Shoe Co. v. Liberty Insurance Co., 28 Southwestern Reporter, 1027, the iron safe clause was held to con-

stitute a warranty, though it was attached to the paper containing most of the provisions of the policy, in a separate slip of paper, which was only referred to and adopted as a part of the contract in another slip containing a description of the property insured, which itself was also attached. It is true that in that case the two slips each stated that the iron safe clause formed a part of the policy. Here in the larger sheet of paper the slip containing the iron safe clause is merely referred to, and the latter simply states that it is attached to this policy, giving the number. But it is inaccurate to speak of either of these papers as constituting the policy, when neither is complete without the other. Together they form the contract, and must be so treated. The court can not reject any of the provisions of either.

As the clause was a warranty, a failure to meet its requirements avoided the policy; and as such failure is admitted, there is no reason for remanding the case for another trial, and the judgment will be reversed and here rendered in appellant's favor.

*Reversed and rendered.*

Delivered April 25, 1895.