**GLENS FALLS INSURANCE COMPANY,**
**Appellant,**

v.

**L. Fried MANNING, Appellee.**

**No. 7444.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 20, 1962.

Rehearing Denied Dec. 11, 1962.

Ramey, Brelsford, Hull & Flock, Tyler, for appellant.

Howard A. Carney, Carney & Mays, Atlanta, for appellee.

CHADICK, Chief Justice.

This is a suit to collect medical payments under the provisions of an insurance policy. The judgment of the trial court awarding a recovery is modified, and as modified, affirmed.

On November 19, 1957, Glens Falls Insurance Company issued its Comprehensive Personal Liability Policy No. CP–373136, effective for a period of one year from date, naming therein Lemle Fried Manning as insured. Thereafter on November 19, 1958, it issued and delivered to the insured a renewal rider for Attachment to the policy renewing the policy for a period ending November 19, 1959. Concurrent with this renewal rider it also issued another rider, Form G 522a, effective on and after November 19, 1958, for attachment to the policy; this second rider was labeled Amendment of Comprehensive Personal Liability Policy.

In February of 1959 the mother-in-law of the insured, Mrs. E. C. McKinnon, while a guest on his premises, had the misfortune to fall and fracture her hip. In the year following the mishap medical expense of the nature described in the insurance policy under Coverage B—Medical Payment totalling $2,162.82 was incurred in the treatment of Mrs. McKinnon's injury.

The basic issue between the parties in the trial court, as well as here, is whether or

not the policy contains a limitation upon the amount of medical expense the insurance company is liable to pay within one year from the date of Mrs. McKinnon's injury. The primary policy and the rider mentioned contain the following provisions pertinent to the issue in this case, to-wit:

### "GLENS FALLS INSURANCE COMPANY
### Glens Falls, N. Y.

(A stock insurance company, herein called the company)

"Agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of the policy:

### "INSURING AGREEMENTS

"**1.** Coverage A—Liability

* * *

"Coverage B—Medical Payments

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident,

"(1) while on the premises with the permission of an insured, or

(2) while elsewhere if such injury, sickness or disease (a) arises out of the premises or a condition in the ways immediately adjoining, (b) is caused by the activities of an insured, (c) is caused by the activities of or is sustained by a residence employee while engaged in the employment of an insured, or (d) is caused by an animal owned by or in the care of an insured.

* * *

"DECLARATIONS

"Item 1. * * *

"Item 2. * * *

"Item 3. The limit of the company's liability against each coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Coverages | Limits of Liability | Premiums |
|---|---|---|
| A. Liability | $10,000.00 each occurrence | $10.00 |
| B. Medical Payments | $ 250.00 each person | 2.00." |

" * * *

"11. Changes. * * * * * * ; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy."

* * *

"G 522a

"AMENDMENT OF COMPREHENSIVE PERSONAL
LIABILITY POLICY

" It is agreed that the policy is amended as follows:

"1. * * *

"2. Coverage B—Medical Payments is replaced by the following:

Coverage B—Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, caused by accident,

"(1) while on the premises with the permission of an insured, or

"(2) while elsewhere if such injury, sickness or disease (a) arises out of the premises or a condition in the ways immediately adjoining, (b) is caused by the activities of an insured, (c) is caused by the activities of or is sustained by a residence employee and arises out of and in the course of his employment by an insured, or (d) is caused by an animal owned by or in the care of an insured."

---

A rider attached to an insurance policy, as a general rule, merges into the insurance policy to which it is attached. Kelley-Goodfellow Shoe Co. v. Liberty Ins. Co., 8 Tex.Civ.App. 227, 28 S.W. 1027; American Fire Ins. Co. v. First Nat. Bank et al., Tex.Civ.App., 30 S.W. 384; Home Ins. Co. of New Orleans v. Cary, 10 Tex.Civ.App. 300, 31 S.W. 321; American Fire Ins. Co. v. Center, Tex.Civ.App., 33 S.W. 554; Allred v. Hartford Fire Ins. Co., Tex.Civ.App., 37 S.W. 95; City Drug Store v. Scottish Union & National Ins. Co., Tex.Civ.App., 44 S.W. 21; American Fidelity & Casualty Co., Inc. v. Bayshore Bus Lines, Inc., 5 Cir., 201 F.2d 148; 1 Couch on Insurance 2d, Sec. 4:24. In seeking the true scope of the entire insurance agreement, and in order to give effect to the intentions of the parties, courts ofttimes give a rider special significance and controlling effect, as when the rider's terms are specific and the policy terms relative to the same subject are general, also when to do so resolves an ambiguity, or when the rider is inconsistent or in conflict with one or more of the provisions of the policy, and under other circumstances unnecessary to mention here. Dunn v. Traders & General Ins. Co., Tex.Civ.App., 287 S.W.2d 682; Aetna Ins. Co. v. Houston Oil & Transport Co., 5 Cir., 49 F.2d 121 (Cert. denied); Drane v. Jefferson Standard Life Ins. Co., 139 Tex. 101, 161 S.W.2d 1057; 1 Couch on Insurance, Sec. 4:28.

In this case the primary insurance contract and the rider amending it is before the court and relevant portions have been copied in full. The stated purpose of the rider is to amend the original policy by replacing the language of Coverage B—Medical Payments in the policy with the language set out in the rider. The rider is simply an agreement that the wording of Coverage B—Medical Payments in the policy is to be disregarded after the date of the rider, and the language of Coverage B—Medical Payments as contained in the rider substituted for it. There is very little difference in the language of the rider and that it supplants in the policy. Added to Coverage B—Medical Payments is the expense of X-ray, and where Subdivision (2) (c) in the policy read "is caused by the activities of or is sustained by a residence em-

ployee while engaged in the employment of an insured", the rider changed it to read "is caused by the activities of or is sustained by a residence employee and arises out of and in the course of his employment by an insured". No expression or implication is found in either the rider or the policy to indicate the rider was intended to be an independent contract, or its provisions paramount and unaffected by the unamended provisions of the policy. It is a general rule of construction that in the absence of ambiguity the terms used in an insurance contract will be understood in their ordinary and usual sense. Insurance, 32 T.J. 2d, Sec. 57. The language of this rider, when given its ordinary meaning and read into the policy, does not create ambiguity within the contract or inconsistency or conflict between its several provisions.

■ Considering the amendatory rider as merged into and as one of the several provisions contained in the entire contractual agreement, the meaning of the policy must be ascertained by the application of the settled rule of interpretation that all provisions of the entire contract will be given effect. Standard Accident Ins. Co. v. Thompson, 139 Tex. 116, 161 S.W.2d 786; United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048; National Security Life & Cas. Co., v. Davis, 152 Tex. 316, 257 S.W.2d 943; 38 A.L.R.2d 762; General American Indemnity Company v. Robert C. Pepper, 161 Tex. 263, 339 S.W.2d 660; Pan American Life Ins. Company v. Andrews, 161 Tex. 391, 340 S.W.2d 787; American Fidelity & Casualty Co. v. Bayshore Bus Lines, 5 Cir., 201 F.2d 148.

■ It is to be seen from the quoted portions of the policy and the rider that Coverage B—Medical Payments as it appeared in the primary contract, and as amended by the rider, obligated the insurance company to pay all reasonable expenses incurred within one year from the date of Mrs. McKinnon's accident for necessary medical and other services, including prosthetic de-

vices. To be considered in connection with that obligation, however, is Item 3 of the Declarations in the policy which specifically limits to $250.00 the Company's liability for medical payments for each person injured. Giving effect to both provisions of the policy results in the policy affording the insured, L. Fried Manning, insurance to pay medical expense not exceeding $250.00 in this case. The insurance company in an alternative pleading to its general denial admitted liability for the sum of $250.00, and tendered it to the appellee. The appellant's points of error No. 11 through 20 are sustained.

The judgment of the trial court is modified to allow the appellee L. Fried Manning a recovery of $250.00, and the court costs incurred in the District Court, and the costs of the appeal are taxed against the appellee, and so modified the judgment is affirmed.