Glen A. FRENCH, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 13004.

Court of Civil Appeals of Texas, Austin.

Dec. 5, 1979.

Richard F. Jacobs, Hall, Laden & Jacobs, P. C., Austin, for appellant.

Mary Joe Carroll, David C. Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

PHILLIPS, Chief Justice.

This is an appeal from a summary judgment in favor of the appellee, Insurance

Company of North America. The insurance company issued a policy of automobile insurance to appellant on May 29, 1977. This policy provided comprehensive-liability coverage. It also provided uninsured motorist protection for bodily injury, pursuant to Tex.Ins.Code Ann. art. 5.06–1, but did not provide uninsured motorist coverage for property damage, which was not required by Art. 5.06–1 when the policy was issued.

Effective August 29, 1977, the Legislature of the State of Texas amended Art. 5.06–1 (1977) to provide coverage for property damage caused by uninsured motorists in all automobile liability insurance policies delivered or issued for delivery after the effective date of the amendment. On December 15, 1977, the appellant obtained an additional car, a Chevrolet, and the parties agreed to insure this car by amended declaration of the policy previously issued.

On April 18, 1978, the Chevrolet was involved in an accident with an uninsured motorist. Appellant made demand upon appellee for payment of property damage pursuant to the coverage added on December 15, 1977. The insurance company refused the claim on the basis that the policy issued on May 29, 1977, and amended by amended declaration to include coverage of the Chevrolet, did not include coverage for property damage resulting from a collision with an uninsured motorist.

The question for our determination is whether the amended declaration made on December 15, 1977, included as a matter of law coverage for property damage resulting from a collision with an uninsured motorist. Appellant contends that this additional coverage, issued subsequent to the date on which the Legislature amended Art. 5.06–1, constituted a separate and distinct policy, and required that the insurance company include this coverage unless rejected in writing by the insured.

Both parties filed motions for summary judgment. The trial court granted appellee's motion and denied appellant's. Appellant's sole point of error is that the trial court erred in denying his motion for summary judgment and granting appellee's motion.

The general rule is that a rider attached to an insurance policy merges into the insurance policy to which it is attached. *Glens Falls Insurance Company v. Manning*, 362 S.W.2d 385 (Tex.Civ.App.—Texarkana 1962, no writ). The rider thus is treated as a part of the insurance contract with which it merges. *Dunn v. Traders and General Insurance Company*, 287 S.W.2d 682 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.). It is also settled law that contracts of insurance are to be construed as other contracts, and all parts of the contract are to be taken together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the intention of the parties. *Republic National Life Insurance Company v. Spillars*, 368 S.W.2d 92 (Tex. 1963).

There is no question but that the coverage of the Chevrolet by endorsement was in effect pursuant to the original insurance policy issued on May 29, 1977. Appellant has so admitted in response to "Defendant's [Appellee's] Request for Admissions." This matter is thus conclusively established against appellant. Rule 169, Texas Rules of Civil Procedure.

Appellant cites the case of *Cockrum v. Traveler's Indemnity Company*, 420 S.W.2d 230 (Tex.Civ.App.—Dallas 1967, no writ), for the proposition that an automobile insurance policy must be regarded as being separate and distinct as to each automobile insured. We disagree with appellant's interpretation, as the *Cockrum* case merely holds that an insured may contract for different coverage for each automobile covered, and that the liability of an insurer in a particular case depends upon the coverage applicable to the automobile in question. Thus, the coverage on each automobile may be separate and distinct, but the contract of insurance is nevertheless indivisible.

We hold in accordance with the settled law that the amended declaration made on December 15, 1977, did not create a new contract of insurance, and that we must view this contract of insurance in its entirety as of the date of issue, May 29, 1977.

To hold that the amended version of Art. 5.06–1 should be read to compel its inclusion in a subsequent amendment of an insurance contract would be inconsistent with Tex. Const. Art. I, § 16, which prohibits both retroactive laws and laws impairing the obligation of contracts. Although no Texas court has faced the specific issue whether uninsured motorist coverage is included as a matter of law in amendments to an automobile insurance policy made after the enactment of the statute, the Court of Appeals of Michigan in *Wells v. Detroit Automobile Inter-Insurance Exchange*, 29 Mich. App. 235, 185 N.W.2d 147 (1971), held that such a reading violated the Michigan constitutional provisions prohibiting a law impairing the obligation of contracts.[1] We agree with this holding for the reasons set forth below.

A statute is retroactive, and prohibited by the Constitution, if it takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or adopts a new disability in respect to transactions or considerations already passed. *International Life Insurance Co. v. Maas*, 458 S.W.2d 484 (Tex.Civ.App.—Houston [1st Dist.] 1970, writ ref'd n. r. e.).

The insurance contract issued on May 29, 1977, created the obligations of the parties of this suit. Since we have held that the amended declaration did not create a new policy, but merged with the original policy, it would be contrary to Art. I, § 16, of our Constitution to hold that the amended uninsured motorist statute imposed a new duty upon the parties. To do so would impair vested rights acquired under existing laws.

We are further guided by the rule that statutes are held to operate prospectively unless the contrary construction is required by the language of the Article. Tex.Rev.Civ.Stat.Ann. art. 5429b–2, § 3.02 (Supp.1978); *Cox v. Robinson*, 105 Tex. 426, 150 S.W. 1149 (1912). The same legislature which amended Art. 5.06–1 also passed another amendment to the Insurance Code which has now been codified as Article 21.-35A (Acts 1977, 65th Leg., Ch. 556, p. 1389):

"Any person who is covered by a policy, contract, or certificate of group insurance or of a group hospital plan including but not limited to coverage issued by a company operating under Chapter 20, Insurance Code, as amended, and whose policy, contract, or certificate provides for services or partial or total reimbursement for services that are within the scope of practice of a licensed psychologist, is entitled to obtain these services or receive reimbursement for these services regardless of whether the services are performed by a licensed doctor of medicine or a licensed psychologist. *This article applies to all policies, contracts, and certificates issued, renewed, modified, altered, amended, or reissued on or after the effective date of this article.*" (Emphasis added).

The use of the words "modified, altered, amended" indicates that the Legislature was aware of the language necessary to cause the amended statute to apply to endorsements or riders to insurance policies. Since no such language was used in the amended version of Art. 5.06–1, we conclude that the Legislature did not intend that the amendment apply to policies issued before the date of the amendment.

Accordingly, the judgment of the trial court is affirmed.

---

1. Mich.Const.1963, Art. I, § 10. The Texas constitutional provision is identical except that it also prohibits a retroactive law.