Patrick L. HERNDON, Appellant,

v.

SENTRY INSURANCE, a Mutual Company, Appellee.

No. 20506.

Court of Civil Appeals of Texas, Dallas.

March 2, 1981.

Rehearing Denied March 25, 1981.

Joe D. Gregory, Gregory & Gregory, Dallas, for appellant.

Russell W. Schell, Thompson, Coe, Cousins & Irons, Dallas, for appellee.

Before CARVER, ROBERTSON and STEPHENS, JJ.

CARVER, Justice.

Patrick L. Herndon appeals from a take-nothing judgment in his suit for the loss of two rings through theft. Sentry Insurance Co. now concedes error as to one ring of the value of $300 insured as "scheduled personal property" under their policy; thus, our dispute is limited to whether the second ring of a value (in 1977) of $895 is covered under Sentry's policy. Because of Sentry's concession of error, we reverse and render judgment for Herndon for $300 for the first ring, but we affirm the trial court's denial of any relief to Herndon on the second ring because the Sentry policy did not cover the theft loss of the ring from a dwelling not described in the policy endorsement at the time of the loss.

The Sentry policy was purchased by Herndon on February 26, 1977, covering "Unscheduled Personal Property" to a limit of $10,000 (as well as other coverages not involved here), for a term of one year, expiring on February 26, 1978. The face sheet of the policy had a space labeled in print, "Named Insured and P O Address" and this space had typed in, "Herndon, Patrick Leo # 132 5225 Belmont Dallas Tx 75206." The face sheet also had space labeled in print, "The described dwelling (No. Street, Town or City, County)" in which was typed "Dallas Co." On March 25, 1977, and again on July 20, 1977, endorsements were issued on the Sentry policy. The March endorsement specifically covered the two rings in question as "Scheduled Personal Property" and the July endorsement dropped the larger ring (still in dispute here) from the scheduled coverage. In addition, each endorsement reflected that Herndon moved his dwelling to a new apartment (first to Kings Road and then to North Marsalis Street), and the purpose of the endorsement was recited to be the change in scheduled personal property coverage and "THE INSURED LOCATION DESCRIPTION HAS BEEN CHANGED AS SHOWN ABOVE." The theft loss of the ring occurred on or about February 25, 1978, from an apartment on Cedar Springs Avenue which was then occupied as Herndon's only dwelling. Herndon had not notified Sentry of his move to the Cedar Springs Avenue apartment or secured an endorsement reflecting the Cedar Springs Avenue apartment as the "insured location." The "property insured" and "perils insured against" provisions of the Sentry policy are reproduced in pertinent part as follows:

#### PROPERTY INSURED

COVERAGE B—UNSCHEDULED PERSONAL PROPERTY owned, worn or used by the Insured, including members of his family of the same household and, at the option of the Insured, property of others (except roomers or tenants) while on the premises of the described dwelling.

. . . .

EXCLUSIONS—COVERAGE B does not cover: (not applicable)

. . . .

OFF PREMISES COVERAGE—Subject to the provisions and conditions of this policy and the exclusions and limitations therein, Coverage B also covers, as additional insurance, unscheduled personal property (except property usu-

ally rented to others) owned, worn or used by the Insured, including members of his family of the same household, anywhere in the world.

Such Off Premises Coverage, however, shall be limited to $1,000 or 10% of the Limit of Liability applicable to Coverage B, whichever is greater . . . .

### PERILS INSURED AGAINST

Unscheduled Personal Property as described and limited under Coverage B is insured against loss by: . . . .

THEFT—meaning any act of stealing or attempt thereat, including loss of property from a known place under circumstances when a probability of theft exists.

EXCLUSIONS—Insurance against these perils does not cover:

a. theft, meaning any act of stealing or attempt thereat, including loss of property from a known place under circumstances when a probability of theft exists, of:

   (1) personal property while on the premises of any dwelling (other than the described dwelling) owned, rented, or occupied by an Insured except while an Insured is temporarily residing therein; . . . .

Herndon's first position is that the second ring is covered by Sentry's policy on "Unscheduled Personal Property" because the ring was lost by theft from the "described dwelling," i. e., "Dallas Co." even though such dwelling was not shown as his address in the original policy or either of the two endorsements. Sentry responds (1) that any inconsistency in the original policy between the insured's "address" and the insured's "described dwelling" was not repeated in the first or second endorsements, (2) such endorsements fixed both the insured's "address" and "described dwelling" as the apartment named in each of the endorsements, (3) that when the loss did *not* occur "while on the premises of the described dwelling" named in the last endorsement, the ring was not covered as "property insured," and (4) when theft occurred at a dwelling other than the "described dwelling" named in the last endorsement, the loss was not from a "peril insured against."

We agree with Sentry. At the time of Herndon's loss, the last endorsement was applicable and had superseded the original policy and first endorsement. *See Western Alliance Ins. Co. v. Albarez,* 380 S.W.2d 710 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.); *Glens Falls Insurance Co. v. Manning,* 362 S.W.2d 385 (Tex.Civ.App.—Texarkana 1962, no writ); *Dunn v. Traders & General Ins. Co.,* 287 S.W.2d 682 (Tex.Civ.App.—Dallas 1956, writ ref'd n. r. e.). The only "described dwelling" found in the last endorsement was the apartment address on Marsalis Street coupled with the legend: "THE INSURED LOCATION DESCRIPTION HAS BEEN CHANGED AS SHOWN ABOVE." Since the ring was stolen from a different apartment, it was not "property insured" because the insurance only applied to property "while on the premises of the described dwelling." Moreover, since the ring's loss was by theft from a different apartment, the loss was from a peril excluded because only the peril of theft from the dwelling on Marsalis Street was covered. We overrule Herndon's first position.

Herndon's second position is that if the ring is not property covered as Unscheduled Personal Property because it was lost while on the premises of the described dwelling, then the ring is covered by the "OFF PREMISES COVERAGE." Sentry does not dispute Herndon's contention that the ring was "property insured," but counters, nevertheless, that the peril of theft of the ring from a dwelling other than the described dwelling is excluded. We agree with Sentry. The "OFF PREMISES COVERAGE" states that it is subject to "provisions and conditions of this policy and the *exclusions* and limitations therein." [Emphasis added.] The peril of theft specifically excludes theft of unscheduled "personal property while on the premises of any dwelling (other than the described dwelling) . . . ." Herndon additionally urges that off premises coverage "anywhere in the world" is

**252**

inconsistent with theft loss only from the "described dwelling" and that the policy is in this manner ambiguous. Herndon would then have us to construe the "ambiguous" language of the policy against its draftsman, Sentry, and find the second ring covered by the "OFF PREMISES COVERAGE" without regard to the exclusions stated therein. Herndon's argument is unsound because the ambiguity he purports to find is not, in fact, present in the policy. There is no ambiguity in the policy provisions as to the property insured and likewise there is no ambiguity in the policy provisions as to the perils insured against. The fact that these two provisions, neither ambiguous, serve to define the contractual agreement of the parties as to what property is insured and as against which perils (as opposed to all property being insured as against all perils) does not constitute ambiguity, but definition. We hold that the second ring lost by theft from a dwelling of the insured other than the "described dwelling" of Herndon is an excluded peril under the policy.

As to the first ring, we reverse and render judgment for Herndon for $300, together with interest thereon at six percent (6%) per annum from the date of the loss, February 25, 1978, to the date of the erroneous judgment of the trial court, February 15, 1980, and interest after judgment on February 15, 1980, at nine percent (9%) per annum until paid, and assess all costs in the trial court and this court one-half to each party.

As to the second ring, we affirm.