Michel EL–HABR, Appellant,

v.

MOUNTAIN STATES MUTUAL CASU-ALTY COMPANY and Jack Howard d/b/a Jack Howard Insurance Agency, Appellees.

No. 18517.

Court of Appeals of Texas, Fort Worth.

Dec. 17, 1981.

Craig Caldwell, Alto, for appellant.

Simon, Peebles, Haskell, Gardner & Betty and Anne Gardner, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and Jonathan Nelson, Fort Worth, for appellees.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

SPURLOCK, Justice.

This is a suit against an independent insurance agent and an insurance company alleging inter alia negligence in failing to provide uninsured motorist property damage protection pursuant to Tex.Ins.Code Ann. art. 5.06–1 (1981) as amended effective August 29, 1977, and in failing to notify plaintiff of such noncoverage. The trial

court rendered summary judgment for the defendants.

The question before us is whether the agent was under a statutory duty to provide the uninsured property damage coverage unless expressly rejected by the insured. We hold that there was no such duty in this case and affirm the trial court.

█ The facts in this case are undisputed. On July 19, 1977, Michel El-Habr (hereinafter referred to as El-Habr) purchased Mountain States Mutual Casualty Company's (hereinafter referred to as Mountain States) policy # 12105 through Jack Howard (hereinafter referred to as Howard). The policy provided comprehensive liability coverage. It also provided uninsured motorist coverage for bodily injury pursuant to art. 5.06–1, but did not provide uninsured motorist coverage for property damage, which was not required by art. 5.06–1 when the policy was issued. The policy period ran from July 19, 1977, to July 19, 1978.

Effective August 29, 1977, the Legislature of the State of Texas amended art. 5.06–1 to require that all automobile policies contain uninsured motorist coverage for property damage as well as for personal injury unless expressly rejected by the insured.

In March of 1978, El-Habr bought a van and had an employee contact Howard's agency and inform them that El-Habr wanted the van "to be covered." By endorsement the van was added to El-Habr's policy # 12105. The endorsement, which was delivered to El-Habr, carried comprehensive liability coverage and uninsured motorist coverage for bodily injury, but did not carry property damage coverage. El-Habr never had an opportunity to reject, in writing or otherwise, uninsured motorist property damage coverage.

On May 4, 1978, El-Habr's van was involved in a collision with an uninsured motorist. The value of the van was approximately $1,205.00 and the retail value of the contents of the van, being Tiffany lampshades, was $18,894.50; their wholesale value was $10,665.50.

When El-Habr contacted the insurance company, he was informed that the property damage to the contents of the van was not covered under his policy. In essence, the effect of the trial court's summary judgment was like denial of coverage.

El-Habr appeals asserting that the trial court erred in granting summary judgments to the defendants because there exists a material issue of fact as to the liability of Howard and Mountain States. El-Habr argues that a fact issue exists because art. 5.06–1 as amended was applicable to the endorsement written in March of 1978 and therefore imposed upon Howard and Mountain States the statutory duty to have El-Habr reject orally or in writing the property damage portion of the uninsured motorist coverage. We find no issue of fact, only one of law.

We hold in accordance with settled law that the endorsement made in March of 1978 and validly made a part of the original policy did not create a new contract of insurance, but was merged with and became a part of the original policy. *Couch on Insurance* 2d, Sec. 4:36 (1959); *Western Alliance Insurance Company v. Albarez*, 380 S.W.2d 710 (Tex.Civ.App.—Austin 1964, writ ref'd n. r. e.); *French v. Insurance Company of North America*, 591 S.W.2d 620 (Tex.Civ.App.—Austin 1979, no writ).

█ In accordance with the reasoning in *French v. Insurance Company of North America, supra,* we hold that the 1977 amendment to art. 5.06–1 does not apply in this case because the legislature did not intend for the amended statute to apply to endorsements and riders to insurance policies in effect before the effective date of the amendment. As stated by the Austin court in *French*:

"To hold that the amended version of art. 5.06–1 should be read to compel its inclusion in a subsequent amendment of an insurance contract would be inconsistent with TEX. CONST. ART. I, sec. 16, which prohibits both retroactive laws and laws impairing the obligation of contracts." 591 S.W.2d at 622.

■ We hold that there was no affirmative duty on the part of Howard as agent for Mutual States to personally apprise El-Habr as to the availability of uninsured motorist property coverage.

El-Habr's points are overruled.

Judgment of the trial court is affirmed.