

# The Attorney General of Texas

**JIM MATTOX**
**Attorney General**

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

December 28, 1984

Honorable Stan Schlueter
Chairman
Ways and Means Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-285

Re:  Applicability of 15% penalty provided by section 33.07 of the Tax Code

Dear Representative Schlueter:

Your letter to us asks:

> (1)  Does the 15% penalty allowed by section 33.07 of the Texas Property Tax Code apply to all tax years or is it limited to years subsequent to the enactment of the code?

> (2)  Is the July 1st date of section 33.07 mandatory or directory?  That is to say, is the taxing entity prevented from availing itself of section 33.07 after this date in the initial year of adoption or does the date establish the earliest possible date a taxing unit can add a penalty?

The section of the Tax Code to which you refer was added by the Sixty-seventh Legislature in 1981, to become effective January 1, 1982.  It reads:

> (a)  A taxing unit or appraisal district may provide, in the manner required by law for official action by the body, that taxes that remain delinquent <u>on July 1 of the year in which they become delinquent</u> incur an additional penalty to defray costs of collection, if the unit or district or another unit that collects taxes for the unit has contracted with an attorney pursuant to Section 6.30 of this code.  The amount of the penalty may not exceed 15 percent of the amount of taxes, penalty, and interest due.

> (b)  A tax lien attaches to the property on which the tax is imposed to secure payment of the penalty.

(c) If a penalty is imposed pursuant to this section, a taxing unit may not recover attorney's fees in a suit to collect delinquent taxes subject to the penalty.

(d) *If a taxing unit or appraisal district provides for a penalty under this section, the collector shall deliver a notice of delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1.* (Emphasis added).

Acts 1981, 67th Leg., 1st C.S., ch. 13, §130, at 168.

The stated purpose of the statutory penalty under discussion is to "defray costs of collection" and it may be assessed only if the collecting unit has contracted with a private attorney to represent the unit. Tax Code §33.07(a). See Tax Code §6.30; Attorney General Opinion JM-14 (1983).

Statutes imposing penalties are to be strictly construed. Hatch v. Davis, 621 S.W.2d 443 (Tex. App. - Corpus Christi 1981, writ ref'd n.r.e.). It is highly significant that, according to the statutory language, the penalty may be applied only to those taxes "that remain delinquent on July 1 of the year in which they become delinquent" -- and not then unless "the collector" has delivered a notice of delinquency and of the penalty to the property owner "at least 30 and not more than 60 days before July 1." In other words, the section 33.07 penalty can attach only after the notice has been given and during the year the taxes first become delinquent.

In our opinion, the additional penalty authorized by section 33.07(a) of the Tax Code cannot be applied to taxes that first became delinquent in a year prior to the year in which section 33.07, having already become effective as law, is adopted by a taxing unit or appraisal district, even though such taxes might remain delinquent thereafter. The legislative intent, we believe, was to allow the imposition of the additional penalty only after the property owner had been specially warned of its prospective attachment (and in time to avoid its imposition). If the additional penalty were to attach to back taxes because the taxes had remained delinquent past July 1 in a previous year -- i.e., the year during which they had first become delinquent -- then no warning could be effective and it would be impossible for the property owner, by paying the delinquent taxes, to avoid the additional penalty.

Indeed, under the section 33.07(a) "year in which they become delinquent" language, if applied to taxes which became delinquent in prior years and remained so past July 1 of those years, the section 33.07 penalty would apply even if the delinquent taxes were paid prior to the enactment of section 33.07. We cannot and do not ascribe to

the legislature an intent that would raise the specter of an unconstitutionally retrospective law. See Tex. Const. art. I, §16; French v. Insurance Company of North America, 591 S.W.2d 620 (Tex. Civ. App. - Austin 1979, no writ). See also Calder v. Bull, 3 Dall. (3 U.S) 386, 391 (1798) (dictum) (Chase, J.) ("Every law that takes away, or impairs, rights vested, agreeably to existing laws, is retrospective, and is generally unjust.") It should be noted, however, that even if this additional penalty does not attach, regular penalties may be recovered when delinquent taxes for past years are collected. Tax Code §33.01.

In addition to these arguments against a retrospective application of the statute, section 3.02 of the Code Construction Act (V.T.C.S. art. 5429b-2) requires a statute to be construed to have only a prospective effect unless it is made expressly retrospective. Section 1.03 of the Tax Code requires that this rule of construction be followed in interpreting the code. Not only does section 33.07 lack any express language requiring retrospective construction; there are examples of tax statutes having such language, showing that the legislature knows how to require a retrospective application when it so desires. See, e.g., Acts 1981, 67th Leg., 1st C.S., ch. 13, §159, at 176.

In answer to your first question, we advise therefore that the 15% additional penalty allowed by section 33.07 of the Tax Code cannot be applied to taxes that first became delinquent in years prior to the date that section 33.07 and its procedures are adopted by a taxing unit.

You inform us that, with your second question, you wish to know whether a taxing unit or an appraisal district which seeks to impose a section 33.07 penalty may extend the July 1 date set forth in the statute for the imposition of the penalty to, say, August 1 instead. It is suggested that the July 1 date set forth in section 33.07(a) is directory only, not mandatory, and that a taxing unit or appraisal district may properly designate another date at which time the penalty is imposed just so long as the notice requirements of subsection (d) are met. We disagree. We conclude for two reasons that the July 1 date is mandatory; section 33.07 does not provide any means whereby a taxing unit or an appraisal district may extend the July 1 date.

First, in support of the proposition that the July 1 date is merely directory, it is argued that statutory provisions which regulate the duty of public officers and specify the time for performance of such duties are directory unless the statute forbids the exercise of such power after that time. Markowsky v. Newman, 136 S.W.2d 808 (Tex. 1940); Federal Crude Oil Co. v. Yount-Lee Oil Co., 52 S.W.2d 56 (Tex. 1932). As the Texas Supreme Court declared in Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956):

> There is no absolute test by which it may be determined whether a statutory provision is mandatory or directory. . . . In determining whether the Legislature intended the particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. <u>Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory.</u> (Emphasis added).

We do not dispute the statement of the law; we merely think that its application to this question is contrary to the one suggested.

The "essence of the thing to be done" by a taxing unit or an appraisal district in this instance is the adoption of the ordinance or resolution imposing the section 33.07 penalty. Once the resolution is adopted, the penalty is imposed on July 1 by operation of law, and the tax assessor-collector for the unit is required to deliver a notice of the delinquency and of the penalty to the property owner at least 30 and not more than 60 days before July 1. The statute is silent as to the date by which such ordinance or resolution must be adopted in order to be effective. In other words, a taxing unit or appraisal district is not empowered to impose a penalty <u>as of July 1 or any other date which is deemed appropriate</u>; a taxing unit or appraisal district is empowered by section 33.07 to impose only the penalty. The date on which the penalty automatically attaches pursuant to a valid ordinance or resolution is specifically set forth in the statute.

We are required to construe a statute in such a way as to express only the will of the makers of the law, not forced or strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain. <u>Railroad Commission of Texas v. Miller</u>, 434 S.W.2d 670 (Tex. 1968). If the legislature had intended that a taxing unit or an appraisal district be empowered to extend the July 1 date or adopt a new date on which the penalty attaches, it could have done so and would have done so explicitly. <u>See, e.g.</u>, Tax Code §§31.02, 31.03, and 31.04 (providing for February 1 delinquency date and for postponement of such date in certain instances).

Second, in light of the traditional significance of the July 1 date in the ad valorem tax calendar, it is doubtful that the legislature intended that the date on which the section 33.07 penalty be imposed be chosen arbitrarily. Traditionally, July 1 is the last date on which the second payment under a split payment plan may be tendered without the taxpayer incurring a delinquent tax penalty. <u>See</u> Tax Code §31.03 and now-repealed V.T.C.S. art. 7336 (predecessor statute to

section 31.03 of the code). July 1 was also the traditional date on which taxing units compiled delinquent taxpayers lists and notified each prior to the imposition of a foreclosure suit. See now-repealed V.T.C.S. arts. 7324, 7325, 7326. And finally, July 1 is also the traditional date on which the penalty imposed upon delinquent taxes no longer accrues on a per-month basis but rather is imposed as a flat rate. See Tax Code §33.01 and now-repealed V.T.C.S. art. 7336 (predecessor to section 33.01 of the code).

Accordingly, we conclude that the July 1 date set forth in section 33.07, on which date the penalty attaches, is mandatory. Section 33.07 does not provide any means whereby a taxing unit or an appraisal district may extend the July 1 deadline for payment without incurring the penalty or select a different date on which the penalty attaches.

### SUMMARY

The penalty provided by section 33.07 of the Tax Code applies to all taxes currently delinquent in the year in which the penalty is imposed; its application is limited to the years including and subsequent to the adoption of this code provision by the appropriate taxing unit or appraisal district. The July 1 date set forth in section 33.07 of the Tax Code, the date on which the penalty attaches, is mandatory; section 33.07 does not provide any means whereby a taxing unit or an appraisal district may extend the July 1 date or select a different date on which the penalty attaches.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Robert Gray
Assistant Attorney General

p. 1269

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jennifer Riggs