

# NUMBER 13-21-00323-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BILL WENDLANDT,
120-MP VICTORIA LTD, AND
LAURENT TOWER, LLC,                                    Appellants,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON, SUBSCRIBING
TO POLICY NOS. AOP-170109 AND
AQS-170213, HDI GLOBAL SPECIALTY, SE,
F/K/A INTERNATIONAL INSURANCE
COMPANY OF HANNOVER, SE,
GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, AND
PENINSULA INSURANCE BUREAU,                            Appellees.

On appeal from the 135th District Court
of Victoria County, Texas.

# MEMORANDUM OPINION

## Before Justices Longoria, Hinojosa, and Silva
## Memorandum Opinion by Justice Longoria

Appellants Bill Wendlandt, 120-MP Victoria Ltd, and Laurent Tower (collectively Wendlandt) appeal from the trial court's order denying their motion for summary judgment and granting summary judgment in favor of appellees Certain Underwriters at Lloyd's, London, subscribing to Policy Nos. AOP-170109 and AQS-170213 (Underwriters), HDI Global Specialty, SE, f/k/a International Insurance Company of Hannover, SE (HDI), General Security Indemnity Company of Arizona (GSINDA), and Peninsula Insurance Bureau (PIB). By three issues, Wendlandt argues the trial court erred in granting summary judgment in favor of appellees because: (1) the policy exclusion relied upon by the trial court was not delivered to Wendlandt; (2) Wendlandt's insurance broker was not his agent for purposes of delivery of the policy exclusion; and (3) appellees denied coverage of Wendlandt's claims in bad faith. We reverse and remand.[1]

## I.   BACKGROUND

Wendlandt obtained the relevant insurance policy from Underwriters through Stephens Insurance, an insurance retail agent, in March 2017, effective until March 2018. At the time Wendlandt received the policy, there were no applicable exclusions related to hurricanes written into the policy. According to Underwriters, it was subsequently discovered that the "Named Storm" exclusion had been left off the policy issued to

---

[1] This cause was submitted in oral argument on April 6, 2022. The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022. *See* TEX. R. APP. P. 41(1)(a).

Wendlandt. In April 2017, Underwriters' broker, AmWINS Specialty Risk Underwriters (AmWINS), who prepared the policy, sent a "Change Endorsement" containing the "Named Storm" exclusion to Stephens Insurance to forward to Wendlandt. There is no dispute that the updated policy containing the exclusion was not forwarded to Wendlandt.

Wendlandt's property was damaged by Hurricane Harvey in August 2017. After the damage was sustained, Wendlandt made a claim to PIB, a third-party administrator for Underwriters, on the insurance policy, which was denied pursuant to the "Named Storm" exclusion in the policy.

Wendlandt filed suit against appellees along with AmWINS, Stephens Insurance, and Greg Meserole, for failure to pay for the damages sustained. Wendlandt alleged causes of action for breach of contract, unfair insurance practices, breach of the duty of good faith and fair dealing, and fraud. Appellees answered, noting that Underwriters was incorrectly named and Wendlandt amended the petition to correct the naming issues. The parties then filed competing motions for summary judgment. The trial court granted appellees' motion for summary judgment and the claims against appellees were severed.[2] This appeal followed.

## II.    DISCUSSION

In each of the three issues Wendlandt contends the trial court reversibly erred in granting appellees' motion for summary judgment.

## A.    Standard of Review and Applicable Law

In reviewing cross-motions for summary judgment, "[w]e follow the usual standard

---

[2] Wendlandt's claims against AmWINS, Stephens Insurance, and Greg Meserole are pending in the trial court.

3

of review for traditional summary judgments." *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 132 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). On appeal, we review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Dickey v. Club Corp.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied). Traditional summary judgment is properly granted only when a movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a plaintiff moves for summary judgment, he must prove that he is entitled to summary judgment as a matter of law on each element of his cause of action. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *Affordable Motor Co. v. LNA, LLC*, 351 S.W.3d 515, 519 (Tex. App.—Dallas 2011, pet. denied). When a defendant moves for summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Ward v. Stanford*, 443 S.W.3d 334, 342 (Tex. App.—Dallas 2014, pet. denied).

To decide whether issues of material fact preclude summary judgment, evidence favorable to the non-moving party must be taken as true, every reasonable inference must be indulged in its favor, and any doubts resolved in its favor. *Sandberg v. STMicroelectronics, Inc.*, 600 S.W.3d 511, 521 (Tex. App.—Dallas 2020, pet. denied). The movant must conclusively establish its right to judgment as a matter of law. *See id.* A matter is conclusively established if reasonable people could not differ as to the

4

conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

General rules of contract interpretation and construction govern a court's review of an insurance policy. *See Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004); *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 823 (Tex. 1997). The interpretation of the terms of an insurance contract is a question of law that we review de novo. *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 755 (Tex. App.—Dallas 2010, pet. denied). When conducting a de novo review, the reviewing court exercises its own judgment, determines each issue of fact and law, and accords the original court's decision no deference. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

## B. Delivery

The purpose of an exclusion in an insurance policy is to remove or exclude something from coverage that would otherwise have been covered. *Liberty Mut. Ins. Co. v. Am. Emp. Ins. Co.*, 556 S.W.2d 242, 245 (Tex. 1977). While endorsements should be attached to insurance policies, the failure to do so does not invalidate them. *See Fidelity Union Life Ins. Co. v. Methven*, 346 S.W.2d 797, 800 (Tex. 1961); *see also Am. Gen. Life Ins. Co. v. Kirsh*, 378 Fed. Appx. 379, 385 (5th Cir. 2010). Texas law has long provided that a separate contract can be incorporated into an insurance policy by an explicit reference clearly indicating the parties' intention to include that contract as part of their agreement. *Urrutia v. Decker*, 992 S.W.2d 440, 442 (Tex. 1999).

> Endorsements to an insurance policy generally supersede and control over conflicting printed terms within the main policy. *Mesa Operating Co. v. Cal. Union Ins. Co.*, 986 S.W.2d 749, 754 (Tex. App.—Dallas 1999, pet. denied). However, insurance policies and their endorsements should be construed

5

together unless they are so much in conflict that they cannot be reconciled. *Id.* It is well established in Texas that endorsements attached to a policy, *when delivered*, are properly treated as a part of the policy even though not independently signed, because the policy signatory is inclusive of all endorsements. *French v. Ins. Co. of N. Am.*, 591 S.W.2d 620, 621 (Tex. App.—Austin 1979, no writ); *Anderson v. Aetna Cas. & Sur. Co.*, 432 S.W.2d 151, 153 (Tex. App.—Fort Worth 1968, writ ref'd n.r.e.).

*Liberty Mut. Ins. Co. v. Sims*, No. 12-14-00123-CV, 2015 WL 7770166, at *3 (Tex. App.—Tyler Dec. 3, 2015, pet. denied) (mem. op.) (emphasis added).

The primary dispute amongst the parties is whether the endorsement was delivered to appellants to render it effective in Wendlandt's policy. "[T]he question of delivery is a mixed one of law and fact to be determined by the trier of fact." *Awad Tex. Enters., Inc. v. Homart Dev. Co.*, 589 S.W.2d 817, 819–20 (Tex. App.—Dallas 1979, no writ) (citing *Scroggins v. Roper*, 548 S.W.2d 779, 780 (Tex. App.—Tyler 1977, writ ref'd n.r.e.)); *see also Wittliff v. Tucker*, 208 S.W. 751, 753 (Tex. Civ. App.—Dallas 1919, no writ) (concluding that the trial court erred in granting a directed verdict where fact question existed regarding delivery of an insurance policy to a third party).

In appellees' motion for summary judgment, appellees argued that the evidence established delivery of the endorsement. We disagree. It is undisputed that Wendlandt never received the endorsement. The evidence presented shows, at best, the endorsement was delivered to Stephens Insurance with the expectation that it would be forwarded to Wendlandt. Appellees argue that Stephens Insurance was an agent of Wendlandt's and delivery was complete upon sending Stephens Insurance the endorsement. Appellants argue the opposite, stating Stephens Insurance had authority to perform tasks for appellees and was an agent of appellees'.

6

It is true that, generally speaking, an insurance broker is considered the agent of the insured; if the insured reports a claim to the broker, but the broker fails to report it to the insurer, the insured is not relieved of his notice obligations. However, an insurance company may be estopped to deny that such broker is its own agent when that person has authority to perform various functions on the insurer's behalf.

*Duzich v. Marine Office of Am. Corp.*, 980 S.W.2d 857, 865 (Tex. App.—Corpus Christi–Edinburg 1998, pet. denied) (internal citations omitted). "Agency is generally a question of fact." *Novamerican Steel, Inc. v. Delta Brands, Inc.*, 231 S.W.3d 499, 511 (Tex. App.—Dallas 2007, no pet.); *but see Harding Co. v. Sendero Res., Inc.*, 365 S.W.3d 732, 742 n.24 (Tex. App.—Texarkana 2012, pet. denied) ("We note, if the facts are uncontroverted or otherwise established, the existence of an agency relationship is a pure question of law.").

Construing the facts presented in this case in a light most favorable to appellants, we conclude that questions of fact remain regarding the agency relationship of Stephens Insurance to both parties as well as the circumstances of delivery and whether there was in fact a delivery. When an issue of material fact exists, summary judgment cannot be granted. TEX. R. CIV. P. 166a(c). We sustain appellants' first issue.[3]

### III.    CONCLUSION

We reverse the trial court's order and remand for proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
30th day of March, 2023.

---

[3] We need not address appellants' remaining issues as the first issue is dispositive. *See* TEX. R. APP. P. 47.1.